*361 The Supreme Court reversed the decree of the Orphans’ Court on March 16, 1885, in the following opinion per:
Trunkey, J.
Augustus Holler and IT. B. Weidman were sons-in-law of the testator. Holler’s wife, Sarah, who was a daughter of the testator, died before the execution of the will. After directing that all his property should be converted into money, the testator made the following provisions, which are all that require notice in determining the question presented in this appeal, namely, shall the indebtedness of Ii. B. Weidman be taken from the legacy due to his wife ?
“3. All my children shall have equal shares, share and share alike.
“4. The children of my son Isaac', deceased, and my daughter Sarah, deceased, shall have their parents’ share, in equal shares, except Charles Henry, my son’s son, shall have two dollars to the others one dollar.
“5. If any one of my children, at the time of my decease, is indebted to my estate, by note, bond, or in my family book, or otherwise, then it shall be taken from their share or shares such amount or sum, and if any one of my sons-in-law are indebted to my estate, and is unable to pay the same, then it shall be taken from their children’s share.”
“The question in expounding a will is not what the testator meant, but what is the meaning of his words. * * The will must be expressed in writing, and that writing only ■ is to be considered. And in construing that writing, the rule is, to read it in the ordinary and grammatical sense of the words, unless some obvious absurdity, or some repugnance with the declared intentions of the writer, to be extracted from the whole instrument, shall follow from so reading it.”
We are not pursuaded that any such absurdity or repugnance exists in this will. On the contrary, the meaning of the words seems plain, unless there should be an attempt to reconcile them with an intention not apparent upon the reading of the whole instrument. In the clause, “if any one of my Sous-in-law are indebted to my estate, and is unable to pay the same, then it pbp.ll be taken from their children’s share,” there is nothing *362 absurd ; nor is the intent doubtful. One of the testator’s sons-in-law* had children, and a bequest of a share was expressly made to those children. In relation to him and his children the clause needs no interpretation. Other words could not make it plainer, that if Holler is indebted, and is insolvent, the debt shall be deducted from his children’s legacy. If the clause be not strictly grammatical, its sense is in nowise obscure. Had Hebecca Weidman died before the decease of the testator then, her children would be entitled to the share bequeathed to her, and the clause would also apply to them and H. B. Weidman.
Nothing in the will warrants the inference that by mistake the words “and their wives or,” were omitted from said clause. To insert them would be making a new provision affecting the legacy of Mrs. Weidman. The.will clearly shows that the testator remembered the status of each member of his family, and his will, -with regard to each, is expressed. But it is itrged that said clause, in its l'elation to Weidman, is repugnant to the third item of the will, which declares that the testator’s children shall have equal shares. But the whole instrument must be taken together, the third, fourth, and fifth items must be read with reference to each other — not one alone — and then there is no repugnancy, unless an exception to a general direction be called a repugnancy, instead of what it is. Thus read, the testator gives equal shares to his children, except that the sum of the indebtedness of each child to his estate shall be • deducted from his or her share, and the indebtedness of each insolvent son-in-law shall be deducted from the share of his children ; but it is no where said that the indebtedness of a son-in-law shall be deducted from the share of his wife, the testator’s only surviving daughter.
We are of opinion that the learned judge of the Orphans’ Court erred in refusing Hebecca Weidman a full distributive ■share under the will, without deducting therefrom the indebtedness of H. B. Weidman to- the testator’s estate. The record will be remitted that the decree of distribution may be corrected so as to accord with this opinion.
Decree reversed, record to be remitted for further proceedings, costs to be paid by the executors out of the estate.